JUSTICE NELSON,
concurring.
¶30 I join the Court’s Opinion. Where two undisputedly fit parents have agreed in writing to a reasonable parenting plan that takes into account the changing needs of their child and the opportunity for both parents to influence the child’s development as the child ages, that agreement should be enforced absent persuasive proof of harm to the child.
¶31 We have recited the principle so often that it has become mantra: The right of a natural parent to parent one’s child is a constitutionally protected, fundamental liberty interest. See Steab v. Luna, 2010 MT 125, ¶ 22, 356 Mont. 372, 233 P.3d 351; In re Custody & Parental *229 Rights of DA, 2008 MT 247, ¶ 18, 344 Mont. 513, 189 P.3d 631.[1] I suggest that if we really believe this principle, then it follows that in cases where, as here, there are fit natural parents and some unanticipated harm will not befall the child, parenting decisions should actually be made by the parents and not by the government. The case at bar presents none of the serious sorts of changes in circumstances that we have-properly-determined implicate the strict requirements of §40-4-219(1), MCA. Opinion, ¶¶ 23-24.
¶32 To the contrary, the parents here, quite reasonably and responsibly, anticipated and agreed that C.A.W. would benefit from the influence of his mother in his early years and from the influence of his father after the fifth grade. There is absolutely no evidence that this decision, made by the natural parents, is now unfounded or antithetical to the child’s best interests. Indeed, there has been no change in circumstances. Rather, the parents anticipated and resolved the very circumstances which have now been presented to the District Court as “changed” circumstances.
¶33 The fact that C.A.W. must change schools is a circumstance that children are often faced with4b.eir parents move; their parents divorce; school district boundaries change; the parents want the child to attend one school over another for any number of reasons. Changing their child’s school is the sort of decision that parents make. The fact is that children often benefit from changing schools, and there is no persuasive evidence in this case that C.A.W. will not survive-and grow from-fehis change in his life. More to the point, change is something that we all had to, and have to, learn to cope with. Changes, even those that seem initially unpleasant, are the stuff of life and life’s lessons that need to be learned. And if C.A.W. needs peace and quiet in which to study, there is no reason to believe that his father will not-as would any fit and loving parent-accommodate that need.
¶34 In my view, Leanah’s grounds and “evidence” for amending the parenting plan here are meritless. Neither meets the strict standards we have set under §40-4-219(1), MCA. In the final analysis, it is the job of fit, natural parents to parent their child. It is the parents’ job to make decisions about the child’s schooling, and to make all of the other decisions that parents make as their child ages. Parenting is not the job of district courts or this Court in circumstances where both parents are fit, capable, and loving, and where there is no persuasive evidence *230 of harm to the child.
¶35 Here, the District Court inserted itself into a parenting decision that was not its to make under either the facts or the law in this case. The District Court clearly abused its discretion in crediting Leanah’s grounds and “evidence” and in amending the parenting plan.
¶36 I concur completely in the Court’s decision.

 This principle of law is so well established and so often cited that the cases are legion, and a lengthy string cite will add nothing to the discussion.